## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AUGME TECHNOLOGIES, INC.,** | |
| **Plaintiff,** | **Civil Action No.** |
| **v.** | |
| **PANDORA MEDIA, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Augme Technologies, Inc. ("Augme" or "Plaintiff"), by and through its

attorneys, hereby demands a jury trial and complains of Defendant Pandora Media, Inc.

("Pandora" or "Defendant") as follows:

### NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the patent laws of the United

States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from

Defendant's unauthorized manufacture, use, offer for sale, sale and/or importation into the

United States for subsequent use or sale of products, methods, processes, services and/or systems

that infringe one or more claims of United States Patent No. 7,831,690 (the "'690 Patent")

(attached as Exhibit A) entitled "Appliance Metaphor For Adding Media Function To A Web

Page."  Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe

Plaintiff's patent.  In addition, Plaintiff seeks a recovery of monetary damages resulting from

Defendant's past infringement of this patent.

3.      This action for patent infringement involves Defendant's manufacture, use, offer for

sale, sale and/or importation into the United States of infringing products, methods, processes,

services and/or systems that are primarily used or primarily adapted for use in an electronic or computer network system for targeting content via a Web browser.

## THE PARTIES

4.     Plaintiff Augme is a corporation organized under the laws of the State of Delaware, with its principal place of business at 43 West 24th Street, 11th Floor, New York, New York 10010.

5.     Plaintiff Augme is the lawful assignee of all right, title and interest in and to the '690 Patent.

6.     Augme was founded in 1999 and provides content targeting and consumer centric content delivery technologies for Internet products and services.  These technologies enable businesses to, *inter alia*, provide streaming media content via media appliance metaphors on a web page and target advertisements to internet users.  By providing targeted advertisements, an advertiser can more effectively (and efficiently) reach the desired audience.  The media appliance metaphor is customized and compliments the information content of the Web page.

7.     Upon information and belief, Defendant Pandora is a corporation organized under the laws of the State of Delaware with a principal place of business located at 2101 Webster Street, Suite 1650, Oakland, California 94612.

8.     Upon information and belief, Pandora makes, uses, offers to sell, sells and/or imports into the United States certain interactive media marketing platforms, applications, services, systems, and/or methods that enable marketers to integrate music and video and other digital content to deliver promotions that are personalized based upon characteristics of the user.

-2-

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Defendant is subject to personal jurisdiction in the State of Delaware because it is a citizen of the State of Delaware and it regularly transacts business in this judicial district and division by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district and division.  In addition, Defendant has committed acts of direct infringement, contributory infringement, and/or inducement of infringement of one or more of the claims of the patent-in-suit in this judicial district and division.

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

## FACTUAL BACKGROUND

12.     The '690 Patent generally describes a media appliance metaphor of a real world device, such as a radio, that is displayed on a Web page.  This media appliance metaphor is automatically customized to deliver media content, such as music, based upon the information content of the Web page.  By way of example, the '690 Patent discloses a radio playing country music on a Web page about Texas cooking.

13.     The '690 Patent was duly and legally issued on November 9, 2010.

14.     Plaintiff Augme is the assignee of all right, title and interest in and to the '690 Patent and has the legal right to enforce the '690 Patent against the Defendant in this case.

#14220041 v1

**Defendant's Products, Services, Systems,
and Processes Infringe Augme's Patents**

15.    Defendant makes, uses, offers to sell, sells and/or imports products and services that infringe the '690 Patent.  Defendant directly infringes, contributorily infringes and/or induces others to infringe one or more claims of the '690 Patent.  By way of example, and without limitation, Pandora makes, uses, offers to sell, sells and/or imports the Pandora Internet Radio service.  Based upon publicly available information found on http://www.pandora.com, Defendant infringes the '690 Patent.

16.    By way of example, and without limitation, the accused Pandora Internet Radio service displays a media appliance metaphor of a radio within the www.pandora.com Web page (as shown in Exhibit B).  While the Web page is being displayed on a Web browser, this radio module is stored in the memory of the computer running the Web browser and executes on that computer to stream audio content.  Upon initial launch of the Pandora Web page, the computer running the Web browser provides information to the Pandora server to automatically customize the Pandora Web page and radio service.  After determination of the preferences set on the computer running the web browser, the Pandora Internet Radio module is configured and loaded automatically in such a way as to complement the music format and appearance of the Pandora Web page.

17.    In addition, by way of example, and without limitation, the Pandora Internet Radio module also provides advertisements and videos that are customized based on the end user's computing environment, and other targeting criteria.

18.    Based upon publicly available information, the accused Pandora Internet Radio performs every element of one or more of the claims in the '690 Patent.  Augme reserves the right to supplement or amend the list of accused products/services after reviewing non-publicly

available information through discovery.

**Augme Has Been Irreparably Harmed
by Defendant's Continued Infringement**

19.     Plaintiff Augme has been irreparably harmed by Defendant's infringement of its valuable patent rights.  Moreover, Defendant's unauthorized, infringing use of Plaintiff's patented systems and methods has threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, offering to sell, selling and/or importing the patented inventions.

20.     Defendant's disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property.  Defendant will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use.  Accordingly, unless and until Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

**COUNT I**

**Infringement of United States Patent No. 7,831,690**

21.     Paragraphs 1 through 20 are incorporated by reference as if fully restated herein.

22.     Plaintiff Augme is the assignee and lawful owner of all right, title and interest in and to the '690 Patent.

23.     Defendant makes, uses, offers to sell, sells and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '690 Patent.

24.     Defendant has been and will continue infringing one or more of the claims of the

'690 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, offering to sell, selling and importing the patented inventions.

25.     Upon information and belief, Defendant has been inducing and/or contributing to the infringement of the '690 Patent and will continue to induce and/or contribute to the infringement of the '690 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.

26.     Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284 and is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, granting Plaintiff the following relief:

A.     That this Court adjudge and decree that the '690 Patent is valid and enforceable against Defendant;

B.     That this Court adjudge and decree that Defendant has infringed, directly and indirectly, the '690 Patent;

C.     That this Court permanently enjoin Defendant, and its parents, subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, offering to sell, selling, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the

patents-in-suit, or otherwise engaging in acts of infringement of the patents-in-suit, all as alleged herein;

       D.      That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendant's infringement;

       E.      That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

       F.      That this Court assess pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

       G.      That this Court declare this case to be exceptional and direct Defendant to pay Augme's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

       H.      Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

#14220041 v1

Dated: April 29, 2011

Respectfully submitted,

/s/ *Edmond D. Johnson*

Edmond D. Johnson (Del. Bar No. 2257)

James G. McMillan, III (Del. Bar No. 3979)

**PEPPER HAMILTON LLP**

Hercules Plaza, Suite 5100

1313 Market Street

P.O. Box 1709

Wilmington, DE 19899-1709

Tel.:  302.777.6500

Fax.:  302.421.8390

*johnsone@pepperlaw.com*

Of Counsel

Thomas J. Scott Jr.

Jennifer A. Albert

**GOODWIN PROCTER LLP**

901 New York Avenue NW

Washington, DC  20001

Tel.:  202.346.4000

Fax:  202.346.4444

*jalbert@goodwinprocter.com*

*tscott@goodwinprocter.com*

Attorneys for Plaintiff

Augme Technologies, Inc.

#14220041 v1